CHARLES L. HASTINGS
CA State Bar No.: 88599
NATALI A. RON
CA State Bar No.: 302927
Law Offices of Charles L. Hastings
4568 Feather River Dr., Ste. A
Stockton, CA 95219
(209) 476-1010

Attorneys for Plaintiffs RANDALL R. FULLER, DARIUS ORAVEC, and JOO-YOUNG KIM

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re: <br><br> RAYMOND WON BAE, <br><br> Debtor. <br><br> _____ <br><br> RANDALL R. FULLER, DARIUS ORAVEC, and JOO-YOUNG KIM, <br><br> Plaintiffs, <br><br> v. <br><br> RAYMOND W. BAE, <br><br> Defendant. | Adversary Case No.: <br><br> *[Lead Case No.: 19-40959]* <br><br> **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C.§ 523(a)(2)(A), (4) AND (19)** |

Plaintiffs, RANDALL R. FULLER, DARIUS ORAVEC, and JOO-YOUNG KIM, bring this adversary proceeding pursuant to 11 U.S.C. §523(a)(2)(A) and (c), seeking an order determining that the debt accrued by the Defendant as against Plaintiffs is excepted from discharge.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. Venue in the Northern District of California is proper under 28 U.S.C. § 1409(a).

3. This Adversary Proceeding relates to In re Raymond Won Bae, Case No. 19-40959 (Bankr. N.D. Cal.) now pending in this Court (hereinafter referred to as the "Bankruptcy Case"). Plaintiffs hold general unsecured claims against the Defendant pursuant to claims arising from a fraudulent offer to purchase securities, in violation of the California Corporate Securities Law, as more fully set forth in the First Amended Complaint for Declaratory Relief, Rescission of Contract, Breach of Contract, Money Had and Received, and Violation of Corporate Securities Laws, pending in the California Superior Court, in and for the County of Alameda under the caption and docket number of *Fuller et. Al. v. RB Technology, Inc., et. al.*, Civil Case No.: HG16843318 (hereinafter referred to as the "State Court Action"). A copy of the State Court Action First Amended Complaint is filed herewith as Exhibit 1 and incorporated by this reference.

4. The State Court Action requests an entry of an order for monetary damages in favor of the Plaintiffs and against the Defendant and certain of his State Court Action co-defendants, jointly and severally, in the amount of $685,000.

## THE PARTIES

5. Plaintiff Randall Fuller is, and at all relevant times herein was, an individual residing in the State of California, within the County of Santa Cruz.

6. Plaintiff Darius Oravec is, and at all relevant times herein was, an individual residing in the State of California, within the County of Santa Clara.

7. Plaintiff Joo-Young Kim is, and at all relevant times herein was, an individual and resident of South Korea.

8. Defendant, RAYMOND W. BAE ("Defendant Bae") is, and at all relevant times was, an individual currently residing in the State of California, within the County of Alameda.

## GENERAL ALLEGATIONS

9. On April 24, 2019, Defendant filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code, and an order for relief was entered on that date.

10. When Defendant filed his petition, he was on the verge of trial in legal proceedings pending in the State Court Action. Specifically, those proceedings involved a challenge to Bae's fraudulent conduct with regard to an offer to purchase an interest in securities within the State of California.

11. The First Amended Complaint is premised on the following facts:

12. On or about April 2012, Defendant Bae approached Plaintiff Fuller with a proposal to "invest" $300,000 in a business that Defendant Bae was organizing in South Korea known as INB, Inc., which Defendant Bae controlled. The money was to be used to partially fund "start-up" expenses of INB, Inc. Defendant Bae represented to Plaintiff Fuller that, in exchange for his "investment" of $300,000 into INB, Inc., Plaintiff Fuller would receive a two percent (2%) ownership share of INB, Inc. At the time Defendant Bae made the representation, Plaintiff Fuller was employed by a supplier to RB Technology, Inc., a corporation previously owned and operated by Bae. Defendant Bae and RB Technology, Inc., had been his customer since 2008. Defendant Bae helped Plaintiff Fuller develop a substantial amount of business for Plaintiff Fuller's employer through Defendant Bae's South Korea based distribution company, ARA, Inc., and had generally paid his bills with Plaintiff Fuller's employer in a timely manner. As a result, Plaintiff Fuller had no reason to disbelieve Defendant Bae's representations.

13. At the time Defendant Bae presented Plaintiff Fuller with the investment proposal, he provided Plaintiff Fuller with a written "Business Plan/Proposal" that represented Defendant Bae owned a forty percent (40%) interest in INB, Inc., and that another investor, Vijay Israni owned another forty percent (40%). The remaining twenty percent (20%) was being offered at the "equity" amount of $150,000 per share percentage. Defendant Bae represented to Plaintiff Fuller that he had invested $6,000,000 for his forty percent (40%) share. That same written "Business Plan/Proposal" also represented that Plaintiff Oravec had invested $150,000,

although he had not. Plaintiffs have subsequently learned that Vijay Israni never invested in INB, Inc. Plaintiffs are informed and believe that Defendant Bae never invested $6,000,000 in INB, Inc., and never completed the formation of INB, Inc.

14. The representations made by Defendant Bae were false. The true facts were that Defendant Bae never intended to provide Plaintiff Fuller with a two percent (2%) ownership interest in INB, Inc. Additionally, Defendant Bae never intended for the $300,000 to be deposited into INB, Inc., at all. Defendant Bae provided instructions for Plaintiff Fuller to wire the $300,000 into a specific bank account. That account was, in fact, a bank account held by Defendant RB Technology, Inc. On April 20, 2012, Plaintiff Fuller, at Defendant Bae's instruction, wire transferred $300,000 into Defendant RB Technology, Inc.'s HSBC bank account. Plaintiffs are informed and believe that whether or not the money was transferred into an account in the name of INB, Inc., that Bae misappropriated those funds for his own use.

15. On or about the Spring of 2012, Defendant Bae approached Plaintiff Oravec with a proposal for him to "invest" $200,000 in INB, Inc. The money was also to be used to partially fund "start-up" expenses of INB, Inc. Defendant Bae represented to Plaintiff Oravec that, in exchange for his "investment" of $200,000 into INB, Inc., Plaintiff Oravec would receive an ownership interest of INB, Inc. At the time Defendant Bae presented Plaintiff Oravec with the investment proposal, he provided Plaintiff Oravec with a written "Business Plan/Proposal" that represented Defendant Bae owned a forty percent (40%) interest in INB, Inc., and that another investor, Vijay Israni owned another forty percent (40%). The remaining twenty percent (20%) was being offered at the "equity" amount of $150,000 per share. Defendant Bae represented to Plaintiff Oravec that he had invested $6,000,000 for his forty percent (40%) share. Plaintiffs have subsequently learned that Vijay Israni never invested in INB, Inc. Plaintiffs are informed and believe that Defendant Bae never invested $6,000,000 in INB, Inc., and never completed the formation of INB, Inc.

16. The representations made by Defendant Bae were false. The true facts were that Defendant Bae never intended to provide Plaintiff Oravec with an ownership interest in INB, Inc. Additionally, Defendant Bae never intended for the $200,000 to be deposited into INB, Inc., to

be used for start-up and expenses or investment purposes, at all. Defendant Bae provided instructions for Plaintiff Oravec to send a check for the first installment of $40,000 (toward the total $200,000) by check directly to Defendant RB. Defendant Bae then suggested that Plaintiff Oravec open a bank account in South Korea so that Plaintiff Oravec could deposit money into it. Plaintiff Oravec did, in fact, transfer $45,000 into that account. Defendant Bae withdrew the $45,000 from Plaintiff Oravec's Korean bank account by forging Plaintiff Oravec's signature and transferred the $45,000 into a bank account that Defendant Bae controlled. The money was never deposited into any account for INB, Inc.

17. On or about January 2013, Defendant Bae approached Plaintiff Kim with a proposal to "invest" $300,000 in INB, Inc. Defendant Bae represented to Plaintiff Kim that, in exchange for his "investment" of $300,000 into INB, Inc., Plaintiff Kim would receive a two percent (2%) ownership of INB, Inc. At the time Defendant Bae made the representation, Plaintiff Kim was employed under the direction of Defendant Bae, by ARA Technology, an entity of which Defendant Bae owned and operated. Bae had agreed to retain and eighty percent (80%) interest in ARA Technology, Inc., and gave Plaintiff Kim a twenty percent (20%) shareholder interest. As a result, Plaintiff Kim had no reason to disbelieve Defendant Bae's representations.

18. The representations made by Defendant Bae were false. The true facts were that Defendant Bae never intended to provide Plaintiff Kim with a two percent (2%) ownership interest in INB, Inc. Additionally, Defendant Bae never intended for the $300,000 to be deposited into INB, Inc., at all. Defendant Bae provided instructions for Plaintiff Kim to wire the $300,000 into a specific bank account in the United States, even though Plaintiff Kim resided in South Korea, where the business of INB, Inc., was to be formed. That account was, in fact, a bank account held by RB Technology, Inc. On January 15, 2013, Plaintiff Kim, at Defendant Bae's instruction, wire transferred $300,000 into RB Technology Inc.'s HSBC bank account. The money was never deposited into any account for INB, Inc.

19. Defendant Bae abused the trust Plaintiffs placed in him and, by fraud, misrepresentations, and undue influence, convinced Plaintiffs to transfer large sums of money,

which Defendant Bae used for the benefit of himself personally or other corporations which he owned and operated, as well as misappropriated between other entities which Bae owned and controlled.

20. Plaintiffs did not become aware of these wrongful actions until approximately December 2015, when Defendant Bae abandoned the INB, Inc., venture in South Korea, without notice to any alleged shareholder.

21. Based on the above-referenced facts, Defendant Bae has offered to sell and sold securities of INB, Inc., corporation in California to Plaintiffs who are not accredited investors pursuant to Regulation D of the Securities Exchange Commission. Plaintiffs are informed and believe and thereon allege that said sale was not qualified under the California Corporation Code, and are further informed and believe and thereon allege that Defendant has failed to file a registration statement under the Securities Act of 1933 or the Securities Exchange Act of 1934.

22. The offer or sale of such a security in a manner that fails to conform with a material term or condition of qualification of the offering as set forth in the permit or qualification order, or a material representation as to the manner of offering which is set forth in the application for qualification, is an unqualified offer or sale. Plaintiffs are informed and believe and thereon allege that Bae's offer for sale and sale of INB, Inc., shares to Plaintiffs did in fact fail to conform with material conditions of qualification of the offering, that Bae failed to obtain the required permits or qualification order, and further that Bae materially misrepresented the manner of the offering. Moreover, Plaintiffs are informed and believe and thereon allege that Defendant Bae failed to apply for qualification of INB, Inc., by notification, permit, coordination, or otherwise.

23. As Defendant Bae has failed to file a qualification order and application, the alleged "investment" offering of INB, Inc., stock is not qualified for sale, and the "sale" to Plaintiffs is void. By offering to sell and selling the INB, Inc., shares to Plaintiffs, Defendant Bae impliedly represented that a permit therefor had been secured. Plaintiffs are informed and believe and thereon allege that no such permit was secured. As such, Defendant is liable to

Plaintiffs for negligent misrepresentation and the fraudulent inducement to purchase stock in an unqualified sale.

## FIRST CLAIM FOR RELIEF
(Non-dischargeability against the Defendant Raymond Bae -- Pursuant to 11 U.S.C. §523(a)(2))

24. Plaintiffs adopt, incorporate by reference, and allege herein all of the allegations set forth in the preceding paragraphs, as if set forth individually in this First Claim for Relief.

25. Pursuant to 523(a)(2) of the United States Bankruptcy Code, a debt incurred by a debtor who obtained money by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

26. Defendant Bae obtained money from Plaintiffs by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

## SECOND CLAIM FOR RELIEF
(Non-dischargeability against the Defendant Raymond Bae – Pursuant to 11 U.S.C. §523(a)(4))

27. Plaintiffs adopt, incorporate by reference, and allege herein all of the allegations set forth in the preceding paragraphs, as if set forth individually in this Second Claim for Relief.

28. Pursuant to section 523(a)(4) of the United States Bankruptcy Code, a debt incurred by a debtor who perpetrates fraud or defalcation while acting as a fiduciary shall be nondischargeable.

29. At all relevant times, the Defendant was acting as a fiduciary to Plaintiff Joo-Young Kim, who was a business partner with Defendant in a separate corporation, also formed and operated by Defendant, known as ARA Technology, Inc.

30. The Defendant breached his fiduciary duty to Plaintiff when he engaged in the acts set forth in the preceding paragraphs.

31. As a direct and proximate result of the foregoing, Plaintiff Joo-Young Kim has suffered damages in the principal amount of $300,000 which should be exempted from discharge in the Defendant's bankruptcy. Based on the foregoing fraud and defalcation, Plaintiff requests that the debt owed to Plaintiff by the Defendant be deemed not dischargeable in his bankruptcy.

32. In committing the acts hereinabove described, the Defendant acted willfully, maliciously, and with deliberate intent to deceive Plaintiff, and because thereof, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

## THIRD CLAIM FOR RELIEF

(Non-dischargeability against the Defendant Raymond Bae – Pursuant to 11 U.S.C. §523(a)(19))

33. Plaintiffs adopt, incorporate by reference, and allege herein all of the allegations set forth in the preceding paragraphs, as if set forth individually in this Third Claim for Relief.

34. Pursuant to section 523(a)(19)(A)(i) of the United States Bankruptcy Code, a debt incurred by a Defendant for violation of any of the State securities laws, or any regulation or order issued under such Federal or State securities laws, that results before, on, or after the date on which the petition was filed, from any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the Defendant, shall be nondischargeable.

35. Pursuant to section 523(a)(19)(A)(ii) of the United States Bankruptcy Code, a debt incurred by a Defendant for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security, that results before, on, or after the date on which the petition was filed, from any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the Defendant, shall be nondischargeable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant Raymond Won Bae, as follows:

1. On their First Claim for Relief, for judgment against Defendant and Defendant Raymond Won Bae, determining that the debt owed by the Defendant to Plaintiffs, plus interest on said debt, is not dischargeable in his bankruptcy case and for judgment according to proof.

2. On their Second Claim for Relief, for judgment against Defendant and Defendant Raymond Won Bae, determining that the debt owed by the Defendant to Plaintiffs, plus interest on said debt, is not dischargeable in his bankruptcy case and for judgment according to proof.

3. On their Third Claim for Relief, for judgment against Defendant and Defendant Raymond Won Bae, determining that the debt owed by the Defendant to Plaintiffs, plus interest on said debt, is not dischargeable in his bankruptcy case and for judgment according to proof.

4. That Plaintiffs be awarded costs of suit incurred herein and for such other and further relief as his Court deems proper.

Dated: June 13, 2019

LAW OFFICES OF
CHARLES L. HASTINGS

By: _____
NATALI A. RON
Attorneys for Plaintiffs RANDALL R. FULLER, DARIUS ORAVEC, and JOO-YOUNG KIM